Mr. Justice Thacheh
delivered the opinion of the court.
In this case it seems to appear that a rule had been made for security for costs against the plaintiff, upon the motion of the clerk and sheriff of the court. At a subsequent term the usee of the plaintiff moved the court to dismiss the rule, on the ground that he was possessed of ample property, to which allegation he tendered evidence, but the motion was overruled. He then offered to give sufficient security for costs, which was refused by the court. The said clerk and sheriff then moved to discharge their rule for costs, which was likewise overruled by the court. A judgment was then given, dissmissing the cause.
A rule for security for costs becomes absolute by due application. The party at whose instance the rule is granted may lose his right to have it made absolute, by want of action upon it, or by his own waiver of the right. Unquestionably, upon the party’s direct application for a dismissal of the rule, at any time before it is pronounced absolute, the court may so order, and upon such an application to dismiss the rule it is error to strike the case from the docket, for the reason that the rule has not been complied with. Grimball v. The Mississippi and Alabama Railroad Company, 3 S. & M. 38.
Judgment reversed, the cause directed to be re-instated in the court below, and the rule for security for costs, to be discharged.